## McDermott v. Byrley Supply Company.

(Decided June 6, 1930.)

HIRAM H. OWENS for appellant.

J. D. TUGGLE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee brought this suit against the appellant to recover for goods, wares, and merchandise which it

had sold to the John S. Lusk & Co., the payment for which the appellant had guaranteed in writing. After these goods had been sold and delivered to the John S. Lusk & Co., it went into bankruptcy. The defense relied upon in the trial of this case was that the appellee had filed in the Lusk bankruptcy proceedings a proof of claim for the account herein sued upon and had received from the estate of John S. Lusk & Co. a dividend of 62 per cent. To the extent of 62 per cent. of its amount, the appellant pleaded that the account sued upon had been thus paid. He did not deny his liability for the remainder. The defense as thus outlined was traversed. There was an amended answer filed which was also traversed, but the appellant is not insisting on the defense therein set up and it may be ignored. On the trial the only proof offered by the appellant to support his defense as to payment was the testimony of himself and that of Mr. George Tinsley, who was the trustee in bankruptcy of the John S. Lusk & Co. The appellant was asked by his counsel if he had seen the claim filed by the appellee in the Lusk bankruptcy proceedings, and over objection of counsel for the appellee he was permitted to answer that he had. He was then asked whether or not proof for the account sued upon in this case had been filed by the appellee in those bankruptcy proceedings, and without objection he answered that it had been. He was then asked what dividend had the Lusk estate paid to its creditors in those bankruptcy proceedings and over objection he was permitted to answer "62 per cent." The only testimony of Mr. Tinsley bearing upon this issue was that the estate paid about 62 per cent. to its creditors. This testimony was objected to by counsel for the appellee but was admitted by the court. Of course, the testimony of both the appellant and Mr. Tinsley as to what the Lusk estate paid to its creditors was incompetent, as the best evidence was the record in the bankruptcy proceedings, the absence of which from this trial was unaccounted for, and of course had objection been interposed to the question asked of the appellant as to whether or not proof for the account herein sued upon had been filed by the appellee in the Lusk bankruptcy proceedings, it should have been sustained, as the best evidence of that also was the record of the bankruptcy proceedings. But competent or incompetent, objected to or unobjected to, all this evidence was admitted by the court. The appellee denied that proof of the account

herein sued upon had been filed in the bankruptcy proceedings. He was not asked as to what per cent. by way of dividend was paid the creditors. At the conclusion of the case, the court peremptorily instructed the jury to find for the appellee, and from the judgment entered on the verdict found in accordance with that instruction, this appeal is prayed.

The court instructed the jury as he did because of the theory the court entertained concerning the character of the guaranty here involved. But that was not the issue in this case upon which appellant insisted he had a right to go to the jury. Whatever was the character of his guaranty, if in fact the appellee had been paid in whole or in part, the appellant was to the extent of the payment discharged from further liability. On this question, appellant had produced testimony to show that appellee had been paid to the extent of 62 per cent. of the amount sued upon. It is true that the testimony which appellant produced was incompetent, but nevertheless it had been admitted by the court, in one instance without objection on the part of the appellee, and in the other instances over the objection of the appellee. But whatever its character as to competency, it was relevant and was in the case. It is settled that the question of the competency or incompetency of testimony cannot be raised by a motion for a peremptory instruction which challenges the sufficiency of the evidence and not its admissibility . Mullins v. Commonwealth, 204 Ky. 445, 264 S. W. 1048; Scott v. Commonwealth, 206 Ky. 286, 267 S. W. 159. The testimony which the court had admitted was certainly relevant, though incompetent for reasons other than relevancy, and was sufficient in extent to carry the case to the jury. Nor can it be said that appellant was not prejudiced by the giving of the peremptory instruction, since his evidence upon which he relied to go to the jury was incompetent because its admission by the court authorized the appellant to rely upon its sufficiency to carry his case to the jury. Had the court excluded it, appellant might have undertaken to establish his case with other proof. Having been lulled into a sense of security by the action of the court in admitting his testimony, appellant was entitled to rely upon its sufficiency to carry his case to the jury. The trial court therefore erred in the state of the record in instructing the jury to find for the appellee. The appeal

is therefore granted, and the judgment is reversed with instructions to grant the appellant a new trial in conformity with this opinion.