**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Lawrence Gray HOWARD et al., Appellees.**

Court of Appeals of Kentucky.

July 1, 1966.

Robert Matthews, Atty. Gen., H. C. Smith, C. E. Skidmore, Frankfort, for appellant.

Earl R. Cooper, Marcus Mann, Salyersville, for appellees.

MILLIKEN, Judge.

The Department of Highways has appealed this $5,000 judgment for 1.23 acres condemned for the construction of the Eastern Kentucky Turnpike on the ground that it was entitled to a directed verdict or judgment non obstante veredicto because there was insufficient evidence of probative value to support the verdict. Both the Department and the landowners had appealed the $2,000 judgment of the County Court for the taking of the property. The land taken was hill land on which a 3-room frame tenant house was situated.

The only competent appraisal witness for the landowners estimated the

before-value of the 60.7-acre farm at between $48,000 to $50,000 and its after-value at $42,000 or $43,000, but he reached his after-value by valuing what was taken and deducting it from the before-value rather than conforming to the rule laid down in Commonwealth, Department of Highways v. Sherrod (1963), Ky., 367 S.W.2d 844, of ascertaining the value of the part taken by deducting the after-value of the whole tract from its before-value if the latter were larger. The Sherrod method permits the jury to credit the State with any increase in value attributable to the improvement, while the method used by the witness in this case was prejudicial to the State because it could get no credit for improvement. Because we are constrained to reverse the judgment for this reason, we do not find it necessary to discuss in detail the other ground raised. Suffice it to say, the Department was not entitled to judgment non obstante veredicto. McDermott v. Byrley Supply Company, 234 Ky. 670, 28 S.W.2d 988.

The judgment is reversed.